**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JONATHAN LUNDIN,

      Petitioner,                     CASE NO:  8:06-cv-125-T-30TBM

v.

SECRETARY OF DEPARTMENT OF
CORRECTIONS, et al.,

      Respondents.

_____/

## ORDER

Petitioner, an inmate in the Florida penal system proceeding *pro se*, brings this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2254 (Dkt. #1).  The Court has considered the Petition (Dkt. #1), Respondents' response (Dkt. #10) and Petitioner's Reply (Dkt. #18).  Upon review, the Court determines that the Petition must be denied because it is untimely under 28 U.S.C. § 2244(d) and fails to satisfy 28 U.S.C. §§ 2254(d) and (e).

## BACKGROUND

Petitioner was indicted for first degree murder and charged with a second count of tampering with evidence in case no. 96-17858 of the Thirteenth Judicial Circuit, Hillsborough County, Florida.  He pled "not guilty," and, after a jury trial,  was found guilty as charged.  Petitioner was adjudicated guilty on November 4, 1998, and received life for count I and ten years for count II.

He appealed claiming a state discovery violation, and the district court affirmed *per curiam* without written decision on February, 25, 2000.  A mandate was issued March 27, 2000, and Petitioner did not seek certiorari review from the Supreme Court.

On October 13, 2000, Petitioner filed a *pro se* post-conviction motion  under Fla. R. Crim. P. Rule 3.850, pleading 6 grounds of ineffective counsel with 22 claims in total.   On January, 18, 2001, the 3.850 motion was denied in part without a hearing, and his motion for appointment of counsel was also denied.  On April 17, 2003, claims 1K and 5D were summarily denied.  An Evidentiary hearing was held for claims 2B, 4B, and 5A on June 5, 2003, and a final denial was entered June 13, 2003.  On Appeal, the denial was affirmed *per curiam* without written decision on February 2, 2005, and the mandate was issued February 23, 2005.  Petitioner filed the instant Petition for Writ of Habeas Corpus under 28 U.S.C §2254 on January 18, 2006 claiming 1 ground of discovery violation and 24 grounds of Ineffective Assistance of Counsel.

## DISCUSSION

### Petition Is Time-Barred under §2244(d)

The Petition is time barred pursuant to 28 U.S.C §2244(d).  State prisoners whose conviction became final after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), have a one year limitation to file a §2254 habeas petition starting from the last of the following four events: (1) the date on which the conviction became final; (2) the date on which any state-imposed impediment to filing the petition is removed; (3) the date on which the constitutional right asserted was initially

recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the factual predicate of the claim presented could have been discovered through due diligence.  Under 28 U.S.C. §2244(d)(2), the time in which a properly filed state post-conviction motion or other collateral review is pending does not count towards the time period for filing habeas corpus.

Under 28 U.S.C. §2244(d)(1)(A), a conviction becomes final by "the conclusion of the direct review or the expiration of time for seeking such review." Bond v. Moore, 309 F.3d 770,772 (11th Cir. 2004).  Petitioner had 90 days from the February 25, 2000 decision affirming his conviction to file a Writ of Certiorari under Supreme Court Rule 13.1 Id. at 773.  Therefore, the conviction became final on May 25, 2000.  When Petitioner filed his post-conviction Rule 3.850 motion on October 13, 2000, 141 days had expired and counted towards his one year time limit.  His time was then tolled until the Rule 3.850 motion became final on February 2, 2005, when the denial was affirmed.  Another 350 days expired and counted towards the time limit before Petitioner filed his Writ for Habeas Corpus on January 18, 2006.  Therefore, a total of 491 days had expired and the Petition was time-barred under §2244(d).

Although Petitioner is time-barred, equitable tolling may apply to his AEDPA's statute of limitations.  Equitable tolling is appropriate when due to "extraordinary circumstances," an otherwise diligent petitioner failed to file his habeas corpus within the AEDPA's statutory deadline.  Helton v. Sec'y for Dep't of Corr., 259 F.3d 1310, 1312. Petitioner argues that his IQ level, which controls his ability to study, comprehend, and learn

the law, caused him to take longer than the statutory requirements of a year to understand the law.  This argument, however, does not satisfy "extraordinary circumstances."  Furthermore, he was not "otherwise diligent" because he delayed before filing his rule 3.850 motion  and, once the rule 3.850 denial became final, he delayed again before filing his Petition for Writ of Habeas Corpus.  In addition, Petitioner argues that he is actually innocent.  However, prisoners claiming "actual innocence" must still meet the AEDPA's time requirements.  Section 2244(d)(1)(D) does allow a new period for litigation when new factual discoveries are shown, but when there is no newly discovered claim, the time limits still apply.  Escamilla v. Jungswirth, 426 F.3d 868, 872 (7th Cir 2005).  Petitioner does not claim any newly discovered facts, so the AEDPA time requirements still apply.  Therefore, Petition is time-barred pursuant to §2244(d).

**Petition Fails To Satisfy The Requirements Of §2254(d) And §2254(e)**

Even if Petitioner's Writ of Habeas Corpus were not time barred, it would be denied because it does not meet the requirements of §2254(d).  Under §2254(d), a district court may entertain a state prisoner's application for Writ of Habeas Corpus of a claim that was adjudicated on the merits in state court proceedings when: (1) the result or application was contrary to clearly established Federal law or (2) when the result was based on an unreasonable determination of facts in light of the evidence presented in the state court proceedings.  Pursuant to §2254(e)(1), a factual finding made by the State court shall be presumed to be correct and the petitioner has the burden to rebut the correctness by clear and convincing evidence.  The federal court will not hold an evidentiary hearing on a claim

where the factual basis was not developed in state court unless (1) it relies on a new rule of constitutional law that is retroactively applied on collateral review or (2) it relies on a factual predicate that could not have been discovered through due diligence. §2254(e)(2).  In either of these two cases, the facts must establish by clear and convincing evidence that but for the constitutional error, the petitioner would not have been found guilty.  §2254(e)(2)(B).

In ground 1, Petitioner claims a discovery violation arguing that the state violated the 6th, 5th, and 14th Amendments by producing a witness at the eleventh hour which led to inadequate preparation of his defense.  This argument was raised and dismissed on direct appeal.  In a criminal case, there is no general constitutional right to discovery that does not deal with exculpatory evidence.  Waterford v. Burley, 429 U.S. 545, 559, 51 L. Ed. 2d 30, 97 S. Ct. 837 (1997).  Since Petitioner's discovery claim does not deal with exculpatory evidence, it  is a state court determination of a state-law question, and a federal habeas court cannot issue a writ based on state interpretation of state law.  Breedlove v. Moore, 279 F.3d 952, 963 (11th Cir. 2002).

Furthermore,  ground 1 is procedurally barred because he raised a state law theory on appeal and not a federal constitutional issue regarding the discovery claim.    A state prisoner who seeks federal habeas relief cannot raise a federal constitutional claim in federal court unless he properly raised the issue in state court first unless petitioner can demonstrate cause for the default.   Judd v. Haley, 250 F.3d 1308, 1313 (11th Cir. 2001) (citing Wainwright v. Sykes, 433 U.S. 72, 87, 97 S.Ct. 2497, L.Ed.2d 594 (1977).  He has stated no basis for cause.  Therefore, since the Petitioner did not rase the constitutional claim regarding

discovery in the state court and cannot show cause for such default, he cannot seek writ on such claim in federal court.

In grounds 2 through 24, Petitioner raises claims of ineffective assistance of counsel ("IAC").  In order to obtain habeas corpus relief based on ineffective assistance of counsel, a petitioner must meet the standard set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984), which requires (1) that counsel's acts or omissions were deficient or outside the range of professionally competent assistance and (2) but for counsel's unprofessional errors, there is a reasonable probability that the outcome would have been different.  See Johnston v. Singletary, 162 F.3d 630, 634 (11th Cir. 1998).  In reviewing counsel's actions, there is a strong presumption that counsel's actions were reasonable and adequate. Id. (quoting Rogers v. Zant, 13 F.3d 384, 386 (11th Cir. 1994).  The burden is on the Petitioner to prove that counsel's actions were unreasonable by establishing that "no competent counsel would have taken the actions that his counsel did take." Chandler v. United States, 218 F.3d 1305, 1315 (11th Cir. 2000) (en banc), cert. denied, 531 U.S. 12-4, 121 S.Ct. 1217 (2001).  Furthermore, "(c)ases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." Waters v. Thomas, 46 F.3d 1506, 1511 (11th Cir. 1995) (en banc) (quoting Rogers v. Zant, 13 F.3d 385, 386 (11th Cir. 1994)).

In Petitioner's post-conviction 3.850 motion, an evidentiary hearing was held for grounds 14, 17, and 20 to decide the issue of IAC.  In ground 14, Petitioner claims IAC because his attorney failed to get a second independent medical examiner to testify to show that the wounds, other than the stab wounds on the victim's liver, were produced by maggots

and decomposition. (Dkt. 10, Tr. 28-29) Moreover, he claims that he asked his attorney to do so, and his attorney did not. (Dkt. 10, Tr. 28-29) The post-conviction court found that the attorney's acts were not outside the range of professionally competent assistance based on counsel's testimony that: (1) Petitioner never asked him for a second examiner; (2) counsel did not get another medical examiner to avoid drawing more attention to the decomposed body; and (3) counsel was able to obtain from the first examiner uncertainty on whether the victim had been stabbed more than once and whether the other wounds had occurred before or after death. (Dkt. 10, Tr. 18, 28-29)

In ground 17, Petitioner claims IAC based on his attorney's failure to get jail phone records to impeach a witness by showing that Petitioner never made threatening phone calls to the witness. Counsel testified, however, that she investigated whether there were jail phone records to prove whether Petitioner had made the phone calls, and, because they were collect calls that were not accepted, there were no records to obtain. (Dkt. 10, Tr. 30-32) Based on these facts, the Court found that Petitioner did not meet his burden of showing the first Strickland prong for IAC. (Id.)

In ground 20, Petitioner claims IAC for counsel's failure to object to the prosecutor's questioning of the victim's brother, including asking if his mother had any stillborn children, to which the brother applied affirmatively. Petitioner claims that the comment gained sympathy from the jury and substantially influenced them in entering the guilty verdict. Counsel testified that the comment occurred at the beginning of cross-examination after the witness's unusual response "there was 9 of us alive" when asked how many brothers and

sister's the witness's mother and father had.   (Dkt. 10, Tr. 33-35) Although counsel acknowledged that it was technically objectionable, she did not want to draw more attention to the comment in the middle of the trial, and the comment was neither significant nor raised again.   (Id.)   Furthermore, counsel filed a motion to suppress Petitioner's confession, and, after the motion was denied, attempted to focus the jury's attention on the circumstances surrounding the confession.   (Id. at 42-43)   The trial court found that even if the failure to object to the comment was against professional judgment, the comment was insignificant, only mentioned once, and outweighed by the more compelling and graphic testimony heard by the jury in support of a guilty verdict.   Therefore, it did not substantially influence the jury's guilty verdict and failed to meet the second Strickland prong.   (Dkt. 10, Ex. 6)   This finding is supported by the record.

In grounds two through twelve, Petitioner claims that counsel failed to object to comments during opening and closing statements of the prosecutor.   The state court found that the comments were fair on the evidence and not improper under state law.   The federal habeas court cannot issue a writ based on state interpretation of state law.   It determined counsel's performance was not deficient.   This was a proper application of Strickland and therefore grounds 2 through 12 fail.

Petitioner's Motion for Post-conviction Relief was denied without a hearing for grounds 13, 15, 16, 18, 19, 21, and 24.   (Ex. 5A)   After the State Attorney responded to ground 23, the post-conviction motion was denied for that issue.   (Ex. 5B)

In ground 13, Petition claimed that counsel was ineffective by failing to prepare a defense and adequately cross examine the state witness, Dr. Miller.  The Court found that the record reflected that counsel did cross examine Dr. Miller with respect to the multiple stab wounds and the possibility that they were produced by maggots and the decomposition.  (Ex. 5A)  Therefore, the first <u>Strickland</u> prong was not met.

In ground 15, Petitioner claims that in the motion for acquittal, counsel failed to adequately argue that the verdict was contrary to the weight of the evidence.  The Court found that the record reflected that counsel challenged both counts against Petitioner with specificity as to the evidence the State presented, and furthermore, counsel challenged both counts in the Motion for Acquittal and in the Motion for New Trial.  (Ex. 5A) In light of these findings, the Court found that Petitioner failed to meet the first <u>Strickland</u> prong.

In ground 16, Petitioner claims that counsel failed to impeach the testimony of state witnesses, James Smith and Terry Hilton.  Their testimony claimed that Petitioner left threatening messages saying "I'm going to get you."  (Ex. 5A) Petitioner claims that this testimony was highly prejudicial and implied Petitioner's guilt.  (<u>Id.</u>)  The Court found that the records indicated that counsel objected when the prosecutor inquired whether James Smith received any such phone calls.  (<u>Id.</u>)  Furthermore, counsel cross-examined the witness regarding the calls.  (<u>Id.</u>)  The court concluded that Petitioner failed to meet the first <u>Strickland</u> prong to prove that counsel did not perform adequately.  (<u>Id.</u>)  This Court agrees.

In grounds 18 and 21, Petitioner claims that counsel failed to object to the voice identification by the state witness and preserve it for appellate review.  Specifically,

Petitioner objects to Terry Hilton's testimony identifying Petitioner as the voice on the answering machine.  (Ex. 5A) A witness, though, may be permitted to identify an accused from hearing his or her voice.  Cason v. State, 211 So. 604 (Fla. 2d DCA 1968). Furthermore, voice identification by ear is properly admissible in Florida.  Worley v. State, 263 So. 2d. 613 (Fla 4th DCA 1972); Weinshenker v. State, 223 So. 2d 561 (Fla. 3d DCA 1969).  Based on this established state law, the court found that the identification was properly admitted.

In ground 19, petitioner claims that counsel failed to subpoena and enter jail records concerning his phone privileges so as to refute Terry Hilton's testimony.  The court determined that since Terry Hilton testified that she *requested* that Petitioner's phone privileges be revoked, it is irrelevant whether or not Petitioner's privileges were *actually* revoked.  (Ex. 5A)  Accordingly, Petitioner failed to meet the first Strickland prong.

In ground 22, Petitioner claims that counsel failed to object to improper questioning when the prosecutor asked Detective Fair if Petitioner had been advised of his constitutional right to remain silent.  (Ex. 5A)  Petitioner claims that this questioning made it seem like Petitioner had something to hide.  The record indicated that in cross-examining Detective Martinez, Petitioner's counsel inquired about Petitioner's request for an attorney and that Petitioner invoked his right to remain silent.  (Id.)  Thus, the court concluded that no prejudice resulted from counsel's failure to object to the prosecution's questioning, and the second Strickland prong was not satisfied.  (Id.)  This was a reasonable application of Strickland.

In ground 24, Petitioner claims that counsel was deficient in failing to use a peremptory challenge to strike a juror who had admitted to reading a newspaper in which an article contained an alleged association between Petitioner and a known serial killer. The test for jury competency is "whether the juror can lay aside any bias or prejudice and render his verdict solely upon the evidence presented and the instructions on the law given to him by the court." <u>Pentecost v. State</u>, 545 So. 2d 861 (Fla. 1989) <u>citing</u> <u>Lusk v. State</u>, 446 So. 22d 1038, 1041 (Fla.) <u>cert. denied</u>. 469 U.S. 873, 105 S.Ct. 229, 83 L.Ed.2d 158 (1984). The record indicated that when the juror, Mr. Davis, was questioned regarding his ability to set aside bias and render a verdict based upon the evidence, he responded "I don't think it would affect my ability to be able to make a decision based on all the facts in the case in this trial." (Ex. 5A) Furthermore, he stated that he would set aside anything he had read, heard or seen in the news and decide the case completely on the evidence presented in the court and the judge's instructions. (<u>Id.</u>) The court found that the record shows that Mr. Davis met the <u>Lusk</u> standard for jurors. (<u>Id.</u>) The court concluded that petitioner did not meet the first <u>Strickland</u> prong because he was unable to prove that counsel acted deficiently in failing to exercise the peremptory challenge. (<u>Id.</u>)

In Ground 23, Petitioner claims that counsel failed to object to improper questioning insinuating uncharged sexual battery of the victim. During the trial, the prosecutor had asked Detective Martinez about the victim's vagina being completed destroyed by maggots and whether he could obtain a DNA sample to determine if there had been sexual intercourse. In its Order denying this claim in the 3.850 motion, the state trial court correctly pointed out that the prosecutor had stated in opening statement that he did not know if the victim and the

defendant had consensual sex.  Therefore, this question was obviously not intended to imply sexual battery.  The trial court correctly concluded that this question was not improper and that defense counsel performed properly in not objecting.  This Court agrees and therefore this claim fails.

For grounds 2 through 24 claiming inefficient assistance of counsel, Petitioner does not establish that the post-conviction court acted contrary to, or unreasonably applied, clearly established federal law.  Therefore, Petitioner fails to meet the standard  required by §2254(d) for federal habeas corpus to be granted to a state prisoner.

## CONCLUSION

For the foregoing reasons, the Court determines that the Petition is untimely pursuant to U.S.C. §2244(d).  Even if the Petition had been filed timely, it would have been denied for failing to meet the requirements under 28 U.S.C. §2254(d) and (e).

It is therefore ORDERED AND ADJUDGED that:

1.     The Petition for Writ of Habeas Corpus (Dkt. #1) is DENIED.

2.     The Clerk is directed to enter judgment in favor of Respondents and against the Petitioner, terminate any pending motions, and close this file.

**DONE** and **ORDERED** in Tampa, Florida on June 24, 2008.

_James S. Moody, Jr._
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
All Counsel/Parties of Record

F:\Docs\2006\06-cv-125.lundin deny 2254.wpd